```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LUTHER McLOYD,<br><br>             Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA and<br>FEDERAL BUREAU OF PRISONS,<br><br>             Defendants. | Civil Action<br>No. 04-605 (JBS)<br><br>**OPINION** |

**APPEARANCES:**

David Segal, Esquire
30 Vesey Street
Suite 900
New York, New York 10007
    Attorney for Plaintiff

Christopher J. Christie
United States Attorney
By:  Dorothy Donnelly
     Assistant United States Attorney
402 East State Street, Rm 502
Trenton, New Jersey 08608
    Attorney for Defendants

**SIMANDLE**, District Judge:

   Plaintiff filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80, and 28 U.S.C. § 1346, alleging injuries he suffered while in prison were caused by medical malpractice.  Defendants moved for summary judgment pursuant to

Rule 56, Fed. R. Civ. P., because the plaintiff failed to provide an Affidavit of Merit.  That motion is unopposed.  For the following reasons, Defendants' motion will be granted.

## I. BACKGROUND

### A. Facts

The facts which bear on the pending motion are set forth in plaintiff's well-pleaded complaint which, for the purposes of summary judgment, the Court must accept as true.[1]

In September, 2003, plaintiff was a prisoner at the FCI-Fort Dix correctional facility.  (Compl. ¶ 8.)  On September 3, 2002, plaintiff injured himself at the prison.  (Id. at ¶ 12.)  That same day, plaintiff was examined by a practitioner who allegedly mistakenly diagnosed the injury and provided insufficient treatment.  (Id. at ¶ 15.)  Following this diagnosis, plaintiff returned to the clinic on September 19, 2002, at which time x-rays were taken leading to a diagnosis of a dislocation of the lunate bone in his wrist.  (Id. at ¶ 16.)

---

[1] Though Defendants have identified their motion as being brought under Rule 56, citing plaintiff's failure to submit an Affidavit of Merit within the statutory time period, such failure is considered tantamount to failing to state a claim upon which relief can be granted and, thus, is properly analyzed under Rule 12(b)(6), Fed. R. Civ. P. See Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 146-47 (2003).  Accordingly, the Court will look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, Plaintiff's allegations state a legal claim.  Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).

Plaintiff alleges that on October 10, 2002, an orthopedist at the South Jersey Hand Center advised him that the left wrist bones were "healing out of place due to improper treatment and ligament damage." (Id. at ¶ 17.) On December 3, 2002, Plaintiff was transported to Cooper Hospital where he was advised that surgery was necessary to repair the lunate dislocation. (Id. at ¶ 17.) Surgery to repair plaintiffs wrist was conducted on April 9, 2003 at Cooper Hospital. (Id. at ¶ 19.)

Plaintiff alleges that he has suffered serious and lasting injury as a result of his improper treatment while under the care of practitioners working for, or under contract with, FCI-Fort Dix. (Id. at ¶¶ 21-23.) Plaintiff seeks damages in the amount of $1,000,000 plus costs. (Id. at ¶ 24.)

**B.   Procedural History**

Plaintiff filed a complaint against the United States of America and the Federal Bureau of Prisons on February 19, 2004. Defendants filed an answer on May 24, 2004.

Following an initial conference, on August 5, 2004, Magistrate Judge Rosen issued a scheduling order setting February 28, 2005 as the due date for pretrial discovery.

No evidentiary submissions were filed by the plaintiff. On May 18, 2005, Defendants wrote a letter to the Court noting that answers to Defendants' interrogatories had not been received, nor had any expert reports been produced by Plaintiff. A conference

call was held on May 23, 2005 and plaintiff's attorney was given time to procure an expert. That deadline has expired but Plaintiff has not produced an expert. To date, Plaintiff has not filed an Affidavit of Merit.

Defendants filed the present motion for Summary Judgment on January 27, 2006, which is not opposed.

**II. DISCUSSION**

Defendants have moved for dismissal with prejudice because Plaintiff has failed to provide an Affidavit of Merit.[2]

**A.  Applicable Substantive Law**

This cause of action is brought by the Plaintiff under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 2671-80. The FTCA provides:

> The head of each Federal agency or his designee, in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, <u>under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred</u>....

28 U.S.C. § 2672 (emphasis added).

---

[2]This Court notes that the United States is the only proper party under the FTCA. 28 U.S.C. §§ 1346(b), 2680; <u>see</u> <u>Continental Ins. Co. v. United States</u>, 335 F. Supp. 2d. 532, 535 (D.N.J. 2004). Accordingly, the Federal Bureau of Prisons is an improper party in this action. In any event, if the claim against the Federal Bureau of Prisons were appropriate under the FTCA, it would be dismissed for the reasons below.

Under the FTCA, the United States is treated with the same substantive law that would govern a similarly situated private citizen in the state where the acts or omissions occurred. Richards v. United States, 369 U.S. 1, 6 (1962); Ciccarone v. United States, 486 F.2d 253, 257 (3d Cir. 1973).

Here, Plaintiff alleges that he suffered injuries in FCI-Fort Dix, in the state of New Jersey.[3] Accordingly, the United States is to be treated as a similarly situated private party would under the substantive law of New Jersey. See id.

Following this determination that New Jersey law applies, the Court must determine what type of private party the United States should be considered in this action.

The extent of the government's duty of care in an FTCA case is a question of law that is determined by reference to state law. Louie v. United States, 776 F.2d 819, 822 (9th Cir. 1985).

State defenses are attributed to the United States as a defendant. See Continental Ins. Co. v. United States, 335 F. Supp. 2d. 532, 538 (D.N.J. 2004) (United States qualified as an insured private tortfeasor because it is self-insured); see

---

[3]There is some controversy in the pleadings as to the treating doctor's status as an employee or an independent contractor with regard to the United States government. It should be noted that, generally, the United States can only be sued under the FTCA for the tortuous acts of its employees, while independent contractors should be sued directly. See United States v. Orleans, 425 U.S. 807, 813-14 (1976). For the purposes of this motion, this Court will assume that the doctor was an employee of the federal government, as this is the position that benefits the non-moving party.

<u>Carter v. United States</u>, 982 F.3d 1141 (7th Cir. 1992) (United States protected by Indiana's cap on medical malpractice damages); see <u>Hill v. SmithKline Beecham</u>, 393 F.3d 1111, 1117 (10th Cir. 2004) (United States treated as licensed professional for purposes of certification requirement).

Here, the United States is seeking protection of an Affidavit of Merit requirement placed by New Jersey statute on Plaintiffs in medical malpractice actions. The Plaintiff alleges medical malpractice against the United States in a manner that situates the United States similarly to a private health care facility in New Jersey.

The protection afforded to health care facilities in New Jersey, including the affidavit of merit requirement, is provided to the United States in a FTCA action.

### B.   **Affidavit of Merit Requirement**

Defendants seek to apply the Affidavit of Merit requirement to the Plaintiff. Since New Jersey law applies, the Court must determine if the Affidavit of Merit requirement applies to the Plaintiff in this action, and if that requirement has been satisfied by the Plaintiff.

New Jersey's Affidavit of Merit Statute, N.J.S.A. § 2A:53A-27, provides, in pertinent part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the Plaintiff

>    shall, within 60 days following the date of filing of
>    the answer to the complaint by the Defendant, provide
>    each Defendant with an affidavit of an appropriate
>    licensed person that there exists a reasonable
>    probability that the care, skill or knowledge exercised
>    or exhibited in the treatment, practice or work that is
>    the subject of the complaint, fell outside acceptable
>    professional or occupational standards or treatment
>    practices. The court may grant no more than one
>    additional period, not to exceed 60 days, to file the
>    affidavit pursuant to this section, upon a finding of
>    good cause.

Though the language of the statute references a "licensed person," that phrase is inclusive of a health care facilities as well, under N.J.S.A. § 2A:53A-26(j)[4]. The statutory definition of a health care facility reads, in pertinent part:

>    "Health care facility" means the facility or institution
>    whether public or private, engaged principally in providing
>    services for health maintenance organizations, diagnosis or
>    treatment of human disease, pain, injury, deformity or
>    physical condition, including, but not limited to, a general
>    hospital, special hospital, mental hospital, public health
>    center, diagnostic center, treatment center, rehabilitation
>    center, extended care facility, skilled nursing home,
>    nursing home, intermediate care facility, tuberculosis
>    hospital, chronic disease hospital, maternity hospital,
>    outpatient clinic, dispensary, home health care agency,
>    residential health care facility and bioanalytical
>    laboratory (except as specifically excluded hereunder) or
>    central services facility serving one or more such
>    institutions but excluding institutions that provide healing
>    solely by prayer and excluding such bioanalytical
>    laboratories as are independently owned and operated, and
>    are not owned, operated, managed or controlled, in whole or
>    in part, directly or indirectly by any one or more health
>    care facilities, and the predominant source of business of
>    which is not by contract with health care facilities within

---

[4] Definition of "licensed person" includes "a health care facility as defined in section 2 of P.L.1971, c. 136 (C.26:2H-2);..." N.J.S.A. § 2A:53A-26(j).

7

>the State of New Jersey and which solicit or accept specimens and operate predominantly in interstate commerce.

N.J.S.A. § 26:2H-2.

In the present case, FCI-Fort Dix operates a Health Services Unit employing a Clinical Director, three physicians, ten mid-level practitioners and one EMT-P.  (Decl. Tushar Patel.)  This Health Services Unit is directed to "deliver medically necessary health care to inmates."  (Id.)  It is clear from these statements, and the statements made in the complaint, that the Health Services Unit at FCI-Fairton falls under the statutory definition of a "licensed person" and "health care facility."  Accordingly, the requirements of N.J.S.A. § 2A:53A-26-29 apply to the Plaintiff's cause of action.

Since the Affidavit of Merit requirement applies, this Court must determine if the Plaintiff has met the requirement.  "The Legislature enacted the statute with the laudatory purpose of weeding out frivolous lawsuits early in the process." Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 146 (2003).  The statute additionally serves the dual purpose of "ensuring that Plaintiffs with meritorious claims will have their day in court." Id. at 151 (quoting Hubbard v. Reed, 168 N.J. 387, 395 (2001)).

The statute imposes a set of conditions precedent to maintaining a malpractice action under New Jersey law: (1) that the Plaintiff obtain an affidavit from an appropriate, licensed expert attesting to the "reasonable probability" of professional

negligence; and (2) that the Plaintiff provide the Defendant with the affidavit within sixty days of the filing of the answer or, for good cause shown, within an additional sixty day period. Ferreira, 178 N.J. at 149-50 (citing N.J.S.A. § 2A:53A-27). Failure to deliver a proper affidavit within the statutory time period is generally considered tantamount to failing to state a cause of action and, therefore, typically mandates dismissal of the complaint with prejudice. Ferreira, 178 N.J. at 146-47 (citing Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 242 (1998)).

Plaintiff filed this suit on February 9, 2004. Defendant filed its answer on May 24, 2004. Two years have past and the Plaintiff has still failed to submit an Affidavit of Merit or make any other submissions demonstrating that his claim is not frivolous. Accordingly, this claim must be dismissed unless Plaintiff's non-compliance falls within an exception.

Notwithstanding the above, a complaint will not be dismissed if the Plaintiff can show "substantial compliance" with the statute. The doctrine of substantial compliance requires the Plaintiff to show:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not strict compliance with the statute.

Ferreira, 178 N.J. at 151 (quoting Galik v. Clara Maass Med. Ctr., 167 N.J. 387, 395 (2001)).

Regarding the substantial compliance exception, Plaintiff has not demonstrated that a series of steps have been taken to comply with the statute, nor has their been any explanation provided for Plaintiff's non-compliance.  The substantial compliance exception does not apply.

Additionally, a complaint will be dismissed without prejudice when "extraordinary circumstances" exist to explain non-compliance.  Ferreira, 178 N.J. at 146-47 (citing Palanque v. Lambert-Woolley, 168 N.J. 398, 404-05 (2001)).  It is well-settled that attorney non-compliance does not present such a circumstance.  Ferreira, 178 N.J. at 146-47 (citing Palanque, 168 N.J. at 405).

Plaintiff has not demonstrated extraordinary circumstances and has not opposed this motion.  This Court will not infer extraordinary circumstances from Plaintiff's silence.  Accordingly, there is no occasion here for dismissal without prejudice.

Finally, in addition to the substantial compliance exception, the Court will not dismiss a claim for failure to file an Affidavit of Merit if it falls under the "common knowledge" exception.  See Hubbard v. Reed, 168 N.J. 387, 391 (2001).

In <u>Hubbard</u>, the Supreme Court of New Jersey found that an affidavit of merit:

> [N]eed not be provided in common knowledge malpractice case when an expert will not be called to testify that the care, skill or knowledge of the licensed professional fell outside acceptable professional or occupational standards or treatment practices; expert would be no more qualified to attest to the merit of a Plaintiff's claim than a non-expert, and threshold of merit would be readily apparent from reading of Plaintiff's complaint.

<u>Hubbard</u> 168 N.J. at 391 (citing N.J.S.A. § 2A:53A-27.)

"The doctrine applies where 'jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a Defendant's negligence without the benefit of the specialized knowledge of experts.'" <u>Hubbard</u>, 168 N.J. at 394 (quoting <u>Estate of Chin v. Saint Barnabas Med. Ctr.</u>, 160 N.J. 454, 469 (1999) (finding no Affidavit of Merit was required because it is well settled law that a dentist pulling the wrong tooth is a negligent act.)).

New Jersey law requires a malpractice claim Plaintiff to show that 1) duty of care existed, 2) that Defendant breached that duty, 3) that breach caused his or her injuries, and 4) that he or she suffered damages as a result. <u>Natale v. Camden Correctional Facility</u>, 318 F.3d 575, 579 (3d Cir. 2003) (finding no expert testimony was needed where Defendant failed to give insulin treatment to a diabetic and Defendant did not make any inquiry into the medicinal needs of the Plaintiff).

Plaintiff's claims do not fit within the common knowledge exception.

Plaintiff alleges that he suffered a dislocation of the lunate.  The lunate is a small crescent shaped bone among seven other bones in the wrist.  Attorney's Medical Dictionary and Word Finder (Vol. 3 L-198).  A lunate dislocation can be described as follows:

> [A]n abnormal displacement of the lunate bone of the wrist. It is usually caused by a forcible hyperextension of the hand at the wrist, as when falling upon the hand.  The condition is marked by pain, swelling, and a palpable mass (which is the displayed lunate)....

Attorney's Medical Dictionary and Word Finder (Vol. 3 L-199).

Diagnosis of such an injury cannot be compared to the mistaken pulling of a tooth that did not require it.  It is clear from the definitions above that some medical expert testimony is required to present information regarding how a lunate dislocation presents itself and proper treatment of such an injury and the consequences of insufficient treatment as alleged here.

This case is distinguishable from Natale because there is no common knowledge of proximate cause or standard of care that a fact finder could readily apply.  Unlike failure to provide insulin, the negative effects of a delay in treating a dislocated lunate is not generally determinable in the absence of an expert.

There has been no evidence presented as to the standard of care that a doctor must exercise in the diagnosis of such an injury, or to the Plaintiff's allegation that the doctor's delay in treatment was the proximate cause of his injuries.

The bare allegations of improper diagnosis and harmful delay require corroboration of a medical expert and cannot be left to understandings of common knowledge.  Accordingly, an Affidavit of Merit is required.

Therefore, an Affidavit of Merit is required of the Plaintiff, the above exceptions are not applicable here, and, consequently, the Plaintiff has failed to raise a claim under New Jersey law.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's claim will be dismissed with prejudice.


**July 27, 2006**                           **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                             United States District Judge